**19MAG 8388**

Approved: _____
ADAM S. HOBSON
Assistant United States Attorney

Before: THE HONORABLE SARAH NETBURN
United States Magistrate Judge
Southern District of New York

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :   **COMPLAINT**

   - v. -                      :   Violation of
                                               18 U.S.C. § 922(g)(1)

JOSHUA MCKOY,                   :
                                               COUNTY OF OFFENSE:
           Defendant.      :   BRONX

- - - - - - - - - - - - - - - - - x

SOUTHERN DISTRICT OF NEW YORK, ss.:

    ROLANDO CARBONELL, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

### COUNT ONE

    1.  On or about September 4, 2019, in the Southern District of New York, JOSHUA MCKOY, the defendant, knowing that he had previously been convicted in a court of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting commerce a firearm, to wit, a loaded .22 caliber Ruger revolver, which had previously been shipped and transported in interstate commerce.

    (Title 18, United States Code, Section 922(g)(1).)

    The bases for my knowledge and for the foregoing charges are, in part, as follows:

    2.  I am a Detective with the NYPD. This affidavit is based upon my personal participation in the investigation, my conversations with other law enforcement officers, witnesses and others, as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my

investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my conversations with members of law enforcement and my review of NYPD records, I have learned, among other things, the following:

    a. On or about August 23, 2019, at approximately 3:24 a.m., a livery cab driver (the "Victim") contacted the NYPD and reported that a few minutes prior, he had been parked on Elm Street in the Bronx, New York, when a male had approached the driver's side window of the Victim's car, pointed a silver firearm at the Victim's head, and stated, in substance, "Give me everything you got." The Victim told the male that he did not have any money and the man ran south on Elm Street. The Victim stated that he followed the man and observed him enter either the building at 303 East 188th Street or the building at 307 East 188th Street (the "Building").

    b. The NYPD obtained security camera footage from the vicinity of the buildings and the attempted robbery, which showed, among other things, JOSHUA MCKOY, the defendant, leaving the Building shortly before the time of the attempted robbery. MCKOY's face was visible in that video and he was wearing a distinctive sweatshirt (the "Sweatshirt").[1] Security camera footage also showed a person wearing the Sweatshirt and matching MCKOY's general appearance re-entering the Building shortly after the time of the attempted robbery. No other individuals were seen entering or exiting the Building during the time shortly before or shortly after the attempted robbery.

    c. MCKOY had previously provided to his parole officer the address of an apartment inside the building at 307 East 188th Street as his place of residence (the "Apartment"). On or about September 4, 2019, MCKOY's parole officer conducted a search of the Apartment pursuant to a search condition in MCKOY's parole terms. The parole officer was accompanied by NYPD officers.

    d. When the officers arrived at the Apartment, a relative of MCKOY's ("Relative-1") answered the door. The officers asked Relative-1 where MCKOY was. Relative-1 told the

---

[1] The parole officer assigned to supervise JOSHUA MCKOY, the defendant, has seen the person in the security footage and confirmed that the individual is MCKOY.

2

officers that MCKOY was in MCKOY's bedroom and directed them to one of the Apartment's three bedrooms. MCKOY was alone inside that bedroom (the "Bedroom").

  e. The officers observed on the windowsill of the Bedroom three glassines containing a powdery substance that, based on the officers' training and experience, appeared to be heroin.

  f. In a search of the Bedroom, the officers recovered a shoebox containing a loaded silver .22 caliber Ruger revolver with a defaced serial number (the "Firearm"). MCKOY was placed under arrest.

 4. Based on my conversations with an NYPD detective (the "Detective"), I have learned that after his arrest, JOSHUA MCKOY, the defendant, was taken to a video interrogation room inside a police precinct, where the Detective read MCKOY his *Miranda* rights. MCKOY initially stated that he did not want to talk to the Detective. The Detective ended the interview and led MCKOY out of the video interrogation room. Immediately after leaving the video interrogation room, MCKOY stated to the Detective, in substance and in part, that he did want to talk to the Detective. The Detective then again read MCKOY his *Miranda* rights, which MCKOY waived. The audio of the subsequent interview was recorded. Based on a review of that audio recording, I have learned, among other things, the following:

  a. MCKOY admitted that the Firearm belonged to him and that he had had possessed the Firearm for at least two weeks.

  b. MCKOY admitted that he had used the Firearm to attempt to rob a cab driver but had let the cab driver go because the driver did not have any money.

 5. From information provided to me by a Special Agent from the Bureau of Alcohol, Tobacco, Firearms and Explosives who is familiar with the manufacturing of firearms, I have learned that .22 caliber Ruger revolvers are manufactured outside the state of New York.

 6. I have reviewed criminal history records pertaining to JOSHUA MCKOY, the defendant, which show that on or about May 7, 2018, in the Bronx County Supreme Court, MCKOY pled guilty to criminal possession of a weapon in the second degree, in violation of New York Penal Law § 265.03, a Class C felony,

3

which is punishable by more than one year in prison, and for which MCKOY was sentenced to one-to-three years' imprisonment.

WHEREFORE, the deponent respectfully requests that JOSHUA MCKOY, the defendant, be imprisoned, or bailed, as the case may be.

---
Detective Rolando Carbonell
New York City Police Department

Sworn to before me this
5 day of September, 2019

---
THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4